IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, LTD.; AIOI INSURANCE COMPANY, LTD.; NIPPONKOA INSURANCE COMPANY OF AMERICA; NISSAY DOWA GENERAL INSURANCE COMPANY, LTD.; SOMPO JAPAN INSURANCE COMPANY; AIG GLOBAL ENERGY; ACE AMERICAN INSURANCE COMPANY; TRAVELERS LLOYDS INSURANCE COMPANY; and ST. PAUL FIRE & MARINE INSURANCE COMPANY, as Subrogee of SHINTECH, INC., | CIVIL ACTION NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

Plaintiffs,

versus

ABB, INC.; and ABB MEXICO

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs Tokio Marine & Nichido Fire Insurance Company, Ltd.; Aioi Insurance Company of America; Nipponkoa Insurance Company of America; Nissay Dowa General Insurance Company, Ltd.; Sompo Japan Insurance Company; AIG Global Energy; ACE American Insurance Company; Travelers Lloyds Insurance Company; and St. Paul Fire and Marine Insurance Company (hereinafter referred to as "Plaintiffs"), as subrogee of Shintech, Inc. (hereinafter referred to as "Insured"), by and through its counsel Simon, Peragine, Smith & Redfearn, L.L.P., and for its Complaint state as follows:

## PARTIES

1. Plaintiff Tokio Marine & Nichido Fire Insurance Company, Ltd. is a New York entity doing business and licensed to issue insurance policies in the State of Louisiana.

2. Plaintiff Aioi Insurance Company, Ltd. is a Japanese entity with its principal place of business in New York doing business and licensed to issue insurance policies in the State of Louisiana.

3. Plaintiff Nipponkoa Insurance Company of America is a New York corporation doing business and licensed to issue insurance policies in the State of Louisiana.

4. Plaintiff Nissay Dowa General Insurance Company, Ltd. is a Japanese entity doing business and licensed to issue insurance policies in the State of Louisiana.

5. Plaintiff Sompo Japan Insurance Company of America is a New York corporation doing business and licensed to issue insurance policies in the State of Louisiana.

6. Plaintiff AIG Global Energy is a New York corporation doing business and licensed to issue insurance policies in the State of Louisiana.

7. Plaintiff ACE American Insurance Company is a Pennsylvania corporation doing business and licensed to issue insurance policies in the State of Louisiana.

8. Plaintiff Travelers Lloyds Insurance Company is a Texas entity doing business and licensed to issue insurance policies in the State of Louisiana.

9. Plaintiff St. Paul Fire and Marine Insurance Company is a Minnesota corporation doing business and licensed to issue insurance policies in the State of Louisiana.

10. Upon information and belief, Defendant ABB, Inc. is a Delaware Corporation conducting business in the Parish of Iberville, State of Louisiana.

11. Upon information and belief, Defendant ABB Mexico is a Mexican entity conducting business in the Parish of Iberville, State of Louisiana.

12. The amount in controversy is in excess of $75,000.00, exclusive of interests and costs.

## JURISDICTION & VENUE

13. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

14. Venue is proper within this jurisdiction pursuant to 28 U.S.C. § 1391 because the situs of the incident giving rise to this action occurred in the city of Plaquemine, Parish/County of Iberville, in the state of Louisiana.

## FACTUAL ALLEGATIONS

15. At all relevant times, the Insured owned and operated a PVC plastic pellets manufacturing facility located at 26270 Highway 405, Plaquemine, Louisiana (hereinafter referred to as "the facility").

16. On or around October 1, 2008, the Insured was operating and using an ABB manufactured VCM unit when a component electrical switch gear failed, causing an explosion which damaged both the VCM unit and the facility.

17. On or around October 1, 2008, a mechanical interlock in the VCM unit, that should automatically shut down the unit when a switch gear is opened, did not engage, which in turn caused said explosion and damage.

18. On or around October 1, 2008, the explosion caused an unplanned facility-wide power outage, interrupting and halting production and operations.

19. On or around October 10, 2008, the facility was able to begin operating at half capacity following the explosion and power outage.

20. This action arises from said explosion at the facility on or about October 1, 2008.

21. Prior to October 1, 2008, the VCM unit and component pieces were new and had never been used and/or operated.

22. On or around October 1, 2008, the Insured operated the VCM unit for the first time since its purchase from Defendants.

23. At all relevant times, Defendant ABB Inc. designed, manufactured, tested, distributed and/or supplied the VCM unit.

24. At all relevant times, Defendant ABB Mexico designed, manufactured, tested, distributed and/or supplied the VCM unit.

25. As a result of the explosion and subsequent fire, the Insured suffered damages in an amount in excess of the jurisdictional limit of $75,000.00.

26. Plaintiff Tokio Marine & Nichido Fire Insurance Company, Ltd. provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

27. Plaintiff Aioi Insurance Company, Ltd. provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

28. Plaintiff Nipponkoa Insurance Company of America provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

29. Plaintiff Nissay Dowa General Insurance Company, Ltd. provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

30. Plaintiff Sompo Japan Insurance Company provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

31. Plaintiff AIG Global Energy provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

32. Plaintiff ACE American Insurance Company provided property insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

33. Plaintiff Travelers Lloyds Insurance Company provided boiler and machinery insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

34. Plaintiff St. Paul Fire and Marine Insurance Company provided boiler and machinery insurance to the Insured pursuant to its policy of insurance insuring it against loss and damage to the property insured by it.

{ 00272924.DOC /}

5

Case 3:09-cv-00822-JJB-DLD   Document 1   09/30/09   Page 5 of 13

35. The Insured made a claim under its policies of insurance to Plaintiffs seeking reimbursement for damages sustained as a result of the October 1, 2008 explosion, fire and power failure.

36. Pursuant to the Insured's policies of insurance, Plaintiffs were required to pay and did make payments to the Insured. Additional claims are pending under the aforementioned policies of insurance. As a result of this payment and to the extent that Plaintiffs make any additional payments, Plaintiffs have become subrogated to the extent of their payments to their Insured against the Defendants and will become subrogated to the extent of any additional payments to their Insured, if made, against Defendants.

## BREACH OF EXPRESS AND/OR IMPLIED CONTRACT AGAINST DEFENDANTS

37. Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 36 as if fully stated herein.

38. Prior to October 1, 2008, the Insured contracted with Defendants for the design, manufacture, testing, distribution and/or supply of the VCM unit and component pieces.

39. Pursuant to the terms of the contract, Defendants were under a duty to perform its design, manufacture, testing, distribution and/or supply duties under the express/implied contract in a manner which would not present an unreasonable risk to the Insured's property.

40. Defendants' failure to safely provide and/or perform its duties was a breach of its express/implied contract with the Insured.

{ 00272924.DOC /}

41. Defendant breached the contract in the following, but not limited to, ways:

   a. Failing to design, manufacture, test, distribute and/or supply the VCM unit in a reasonably safe and skillful manner;

   b. Failing to properly test the VCM unit to ensure that it and its component parts were working properly after design, manufacture, test, distribution and/or supply;

   c. Failing to comply with the safety standards in the industry when designing, manufacturing, testing, distributing and/or supplying the VCM unit;

   d. Failing to use reasonable care and a workmanlike manner when designing, manufacturing, testing, distributing and/or supplying the VCM unit;

   e. Violating applicable federal, state, and/or local ordinances, statutes, and/or codes in the manner in which it performed its work;

   f. Failing to take all other reasonable precautions to prevent the damage that resulted; and

   g. Any other acts or omissions that become know through the course of discovery.

42. Plaintiffs' Insured paid consideration to Defendants and fulfilled any and all of its contractual obligations to Defendants.

43. As a direct and proximate result of the acts and omissions of Defendants' breach of contract, as set forth herein, Plaintiffs suffered damages as set forth above.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter a judgment against Defendants in an amount in excess of $75,000, including interest, costs and attorney's fees.

{ 00272924.DOC /}

## NEGLIGENCE AGAINST DEFENDANTS

44. Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 43 as if fully stated herein.

45. Prior to October 1, 2008, Defendants had a duty to design, manufacture, test, distribute and/or supply the VCM unit and component parts used by the Insured at its facility located at 26270 Highway 405, Plaquemine, Louisiana.

46. Defendants were obligated to and owed a duty to Plaintiffs to design, manufacture, test, distribute and/or supply its products in a skillful, safe, workmanlike, prudent, and non-reckless manner, complying with the standard of care reasonably expected in the industry.

47. In designing, manufacturing, testing, distributing and/or supplying the VCM unit, Defendants were under an obligation to use due care for the safety and protection of the Insured's property, to observe all applicable statutes, codes, protocols, regulations, policies, and procedures and to meet and/or exceed industry standards.

48. Defendants and/or their agents, employees, and/or representatives breached their duties to Plaintiffs by one or more of the following acts and/or omissions:

    a. Failing to design, manufacture, test, distribute and/or supply the VCM unit in a reasonably safe and skillful manner;

    b. Failing to properly design, manufacture, test, distribute and/or supply the VCM unit to ensure that it and its component parts were working properly before installation and use;

c. Failing to comply with the safety standards in the industry when designing, manufacturing and/or testing the VCM unit;

d. Failing to use reasonable care and a workmanlike manner when designing, manufacturing, testing, distributing and/or supplying the VCM unit;

e. Violating applicable federal, state, and/or local ordinances, statutes, and/or codes in the manner in which they performed their work;

f. Failing to take all other reasonable precautions to prevent the damage that resulted; and

g. Any other acts and/or omissions that become known through the course of discovery.

49. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered damages as set forth above.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter a judgment against Defendants in an amount in excess of $75,000.00, including interest, costs and attorney's fees.

## REDHIBITION/BREACH OF EXPRESS AND/OR IMPLIED WARRANTY AGAINST DEFENDANTS

50. Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 49 as if fully stated herein.

51. Defendants designed, manufactured, and/or marketed the VCM unit, and component pieces, which was ultimately sold, installed, and/or affixed to Plaintiffs' Insured's premises.

52. Defendants' VCM unit was installed in the same condition as when it left Defendants' control and in accord with acceptable standards.

53. Defendants' VCM unit was defective and a proximate cause of Plaintiffs' injuries and/or damages.

54. The defects in Defendants' VCM unit rendered it absolutely useless and/or so inconvenient for the Insured that it would never have been purchased for use.

55. The VCM unit was defective, evidenced by its failure in the first day of use.

56. Prior to the purchase of the VCM unit, the Insured received from Defendants certain express and/or implied warranties as to the safety of the VCM unit, that it was safe for the ordinary purpose and use intended and as installed by or on behalf of the Insured.

57. Plaintiffs' Insured and Defendants entered into an express and/or implied agreement in which Defendants promised to design, manufacture, test, market, distribute and/or sell the VCM unit to consumers in a safe and workmanlike manner in accordance with all applicable rules, standards, statutes, ordinances, regulations and all other requirements applicable to design, manufacture, test distribution, marketing and/or sale of the VCM unit.

58. The Insured and Defendants entered into an express and/or implied agreement in which Defendants promised the VCM unit was of merchantable quality and Plaintiffs' insured relied upon Defendants' skill and judgment.

59. Plaintiffs' Insured and Defendants entered into an express and/or implied agreement in which Defendants promised the VCM unit was safe and would not present an unreasonable risk of harm when used for the ordinary purpose for which such goods are used and the Insured relied upon Defendants' skill and judgment.

60. Defendants breached their express and/or implied warranties in the following, but not limited to, ways:

    a. The VCM unit was unsafe for ordinary use;

    b. The VCM unit presented a danger of, and did cause, property damage;

    c. The VCM unit was not reasonably fit for the ordinary purpose for which such goods are used;

    d. The VCM unit was not of a merchantable quality; and

    e. Any other acts and/or omissions that become known through the course of discovery.

61. As a direct result of Defendants' breach of express and/or implied warranties, Plaintiffs suffered damages as set forth above.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter a judgment against Defendants in an amount in excess of $75,000, including interest, costs and attorney's fees.

### STRICT PRODUCTS LIABILITY AGAINST DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT (LPLA) LA. REV. STAT.ANN. §9:2800.51

62. Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 61 as if fully stated herein.

63. At all times relevant to this cause of action, Defendants were the manufacturer, designer, distributor and/or individual or entity which knowingly placed an unreasonably dangerous, defective product into the stream of commerce.

64. At all times relevant to this cause of action, Defendants failed to exercise reasonable care under the circumstances in designing, manufacturing, constructing, distributing, and/or packaging the VCM unit.

65. At all times relevant to this cause of action, the VCM unit was designed, manufactured, constructed and/or supplied by Defendants in a defective condition which rendered it unreasonably dangerous and the defective condition was the proximate cause of the injury, harm, and/or damage to Plaintiffs' Insured.

66. The VCM unit as designed, manufactured, constructed, tested, distributed and/or sold by Defendants was offered for sale to the general public and consumers like the Insured and it was expected to reach the general public and consumers, including the Insured, in the condition in which it was designed, manufactured, fabricated, tested, distributed and/or sold.

67. The VCM unit was unreasonably dangerous and defective in light of its foreseeable, ordinary and intended use at the time it left the control of the Defendants in one or more of the following ways:

    a. The VCM unit was defectively designed;

    b. The VCM unit was defectively constructed and/or manufactured;

{ 00272924.DOC /}

12

Case 3:09-cv-00822-JJB-DLD   Document 1   09/30/09   Page 12 of 13

c. The VCM unit was improperly inspected;

d. The VCM unit was improperly tested;

e. The VCM unit was in a condition not contemplated by reasonable persons among those considered expected users or consumers of the VCM unit; and

f. The VCM unit was unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or use.

62. On or about October 1, 2008, extensive damage occurred to the facility due to the failure of the VCM unit.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter a judgment against Defendants in an amount in excess of $75,000, including interest, costs and attorney's fees.

Respectfully submitted,

/s/ Charles E. Riley, IV
Charles E. Riley, IV (28200)
David F. Bienvenu (3070)
Robert L. Redfearn, Jr. (17106)
Joshua M. Hudson (31196)
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., 30th Floor
New Orleans, LA 70163
Phone: 504/569-2030
Fax: 504/569-2999
Attorneys for Plaintiffs