UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TOKIO MARINE, ET AL.

CIVIL ACTION

VERSUS

NO. 09-822-JJB

ABB, INC., ET AL.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' motion (doc. 13) for summary judgment. Plaintiffs filed an opposition (doc. 16) and Defendants filed a reply (doc. 17). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument. For the following reasons, the Court GRANTS, in part, and DENIES, in part, Defendants' motion.

### Background

Plaintiffs, the insurers for Shintech, Inc. ("Shintech"), bring claims as Shintech's subrogees. Shintech contracted with Defendants to purchase a VCM Unit in February 2006. Defendants delivered the VCM Unit in December 2006. Plaintiffs allege that when Shintech first operated the VCM Unit, in October 2008, an electrical switch gear failed, causing the VCM Unit to explode. Plaintiffs paid Shintech's insurance claims arising out of this accident; they now bring suit to recover against Defendants.

The contract between Shintech and Defendants ("Purchase Order") contains two clauses crucial to this matter. Under the section titled "Warranties" it states:

The warranty period for the goods shall end twelve (12) months after
installation or eighteen (18) months after date of shipment, whichever first
occurs. . . . THE WARRANTIES SET FORTH HEREIN ARE EXCLUSIVE
AND IN LIEU OF ALL OTHER WARRANTIES EXPRESS OR IMPLIED,
INCLUDING WITHOUT LIMITATION, THE IMPLIED WARRANTIES OF
MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

Purchase Order ¶ 9 (emphasis in original).  Under the section titled "Limitation on

Liability," the Purchase Order states:

In no event shall Seller, its suppliers or subcontractors be liable for special,
indirect, incidental or consequential damages, whether in contract,
warranty, tort, negligence, strict liability or otherwise, including, but not
limited to, loss of profits or revenue, loss of use of the goods or any
associated equipment, cost of capital, cost of substitute equipment,
facilities or services, downtime costs, delays, and claims of customers of
buyer or other third parties for any damages.  Seller's maximum aggregate
liability for any and all claims whether in contract, warranty, tort,
negligence, strict liability, or otherwise for any loss or damage arising out
of, connected with, or resulting from this Purchase Order or the
performance or breach thereof, or from the design, manufacture, sale,
delivery, resale, repair, replacement, installation, technical direction of
installation, inspection, operation or use of any equipment covered by or
furnished under this Purchase Order, or from any services rendered in
connection therewith, shall in no case exceed the purchase price allocable
to the equipment or services which gives rise to the claims.

Purhase Order ¶ 22.

## Summary Judgment Standard

Summary judgment is appropriate when the pleadings, answers to

interrogatories, admissions, depositions, and affidavits on file indicate that there

is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  When the burden at trial rests on the non-movant, the movant need only

demonstrate that the record lacks sufficient evidentiary support for the non-

movant's case.  *See id.*  The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case.  *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in his pleadings.  Instead, he must show that there is a genuine issue for trial by presenting evidence of specific facts.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden.  *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted.  *See Celotex,* 477 U.S. at 322; *see also* Fed. R. Civ. P. 56(c).

<u>Analysis</u>

Defendants move for summary judgment based on three theories.  First, they argue that under the terms of the purchase order, any warranties had expired at the date of the explosion.  Accordingly, Plaintiffs cannot recover for breach of warranty claims.  Second, Defendants argue that the purchase order excludes causes of action against them under any legal theory; thus, Plaintiffs cannot recover for claims, no matter their legal source.  Third, Defendants argue that if Plaintiffs can proceed against them, the purchase order limits their liability

to the purchase price of the product.   The Court addresses these arguments individually.

   a.  *Does the Warranty Clause Exclude All Warranties?*

   Defendants argue that any liability arising from breach of warranty expired eighteen months after the December 2006 delivery in June 2008.  As an initial matter, Plaintiffs argue that summary judgment is not appropriate because they are not willing to concede this delivery date.   Yet, Plaintiffs have provided no evidence, or even argument, as to an alternative delivery date.   Because they have failed to "identify specific evidence in the record and to articulate the precise manner in which that evidence supports [their] claim," the Court accepts Defendant's evidence-supported delivery date of December 2006.  *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Thus, the warranty period expired in June 2008, before the alleged accident.

   Even if the warranty period expired, Plaintiffs argue that the contract language is not specific enough to exclude all warranty claims, specifically pointing to the warranty against redhibitory defects.   In order for a contract to effectively waive a warranty, the waiver must be (1) written in clear and unambiguous terms, (2) contained in the sale or mortgage document, and (3) brought to the attention of or explained to the buyer.   *See, e.g., Williston v. Noland*, 03-2590 (La. App. 1 Cir. 10/29/04); 888 So. 2d 950, 952.

   Plaintiffs argue that the Purchase Order did not clearly and unambiguously waive the warranty against redhibition.   As support, they construe *Williston* to

4

require that a waiver include not just language that the purchaser waives all express and implied warranties, but also language specifically stating that a purchaser waives the warranty against redhibition. *See id.* ("If the act of sale fails to state that the purchaser waives express and implied warranties, including the warranty of fitness for a particular purpose and the warranty against redhibitory vices, it is not sufficiently clear and the vendor remains responsible for implied warranties associated with the concept that the thing be fit for the use for which it is intended."). In *Williston*, however, the court did not invalidate a contract that purported to waive all warranties; it invalidated an "as is" sale. *See id.* Its concern was not for a lack of specific words, but for a complete lack of clear and unambiguous terms.

Here, the terms clearly and unambiguously waive *all* warranties, express and implied. In addition, the terms clearly waive the warranty of fitness for a particular purpose. If the general waiver is not enough, then this additional sentence provides notice of waiver of those "implied warranties associated with the concept that the thing be fit for the use for which it is intended." *See id.* This language provided sufficient warning that by signing the Purchase Order, Shintech waived the warranty against redhibition, regardless of the fact that it did not specifically use the word "redhibition". *Cf. Thibodeaux v. Meaux's Auto Sales, Inc.*, 364 So. 2d 1370, 1372 (La. App. 3 Cir. 1978) (finding that use of the word "redhibition" was not clear and unambiguous because its meaning would not be "understood by a layman"). Accordingly, the Court finds that the warranty

5

in the Purchase Order substitutes all express and implied warranties, including that against redhibition; thus, Plaintiffs cannot proceed on any claims for breach of warranty.

    b.  *Does the Limitation on Liability Clause Exclude All Causes of Action?*

       Defendants argue that the Limitation on Liability clause "specifically limits liability to exclude causes of action under any legal theory including those being asserted in this litigation."[1]  Plaintiffs argue that the clause is ambiguous, thus requiring parole evidence as to the meaning, because "[w]hile the provision appears to limit or exclude any causes of actions against Defendants, it specifically acknowledges that Defendants can be liable for damages up to the purchase price of the items."[2]  Both parties, however, fail to give effect to the full terms of that provision.  Read correctly, the provision neither excludes all liability, nor is it ambiguous.

       The first sentence of the clause states, "In no event shall Seller, its suppliers or subcontractors be liable for **special, indirect, incidental, or consequential damages.**"[3]  Notably, the clause does not exclude liability for general damages, which are "[d]amages that the law presumes follow from the type of wrong complained of" by a plaintiff.[4]  Thus, the Court finds that the clear terms of this clause prevent recovery for special, indirect, incidental, or

---

[1] Defs.' Mem. Supp. Mot. Summ. J. 9 (doc. 13-1).
[2] Pls.' Mem. Opp. Mot. Summ. J. 16 (doc. 16).
[3] Purchase Order ¶ 22 (emphasis added).
[4] *Black's Law Dictionary* 417 (8th ed. 2004).

consequential damages, but not for general damages.  *See Hercules Mach. Corp. v. McElwee Bros., Inc.,* 2002 WL 31015598, at *7-8 (E.D. La. 2002) (interpreting identical language to exclude consequential damages, but not compensatory damages, under Indiana law); *Reynolds Metals Co. v. Westinghouse Elec. Corp.,* 758 F.2d 1073, 1078-79 (5th Cir. 1985) (interpreting identical language to exclude damages for lost profits, but not excluding recovery of all damages, under Texas law).  The Court sees no reason why the application of Louisiana law would force it to construe these terms to include general damages.  Thus, Plaintiffs can recover for general damages.

*C. Is Liability Limited to the Purchase Price?*

Defendants last argue that even if this Court finds that the Limitation of Liability clause does not foreclose all liability—which the Court finds it does not— then it limits any liability to the purchase price of the product.  Because parties are generally free to agree to their own contract terms, a party may contract with another to exclude liability.  *See Rhodes v. Congregation of St. Francis*, 476 So. 2d 461, 463 (La. App. 1 Cir. 1985).[5]  And, as Defendants noted, Louisiana courts have held that such limitation of liability clauses are not against public policy. *See La. Shoes, Inc. v. S. Bell Tel. Co.*, 445 So. 2d 1304, 1305 (La. App. 5 Cir. 1984).  Accordingly, the Court applies the clear terms of the Purchase Order in

---

[5] Parties cannot, however, limit liability for gross negligence.  *See Rosenblath's, Inc. v. Baker Indus., Inc.*, 25685 (La. App. 2 Cir. 3/30/94); 634 So. 2d 969, 971.  But at this point, it does not appear as if there is a gross negligence claim before the Court.

finding that Defendants' damages are limited to the purchase price of the product.

Conclusion

The Court finds that the Purchase Order provided a warranty in lieu of all other warranties, including the warranty against redhibition, and that the warranty period has expired.  Accordingly, Plaintiffs cannot recover for breach of warranty. The Court further finds that the limitation of liability clause prohibits special, indirect, incidental, or consequential damages, and limits general damages to the purchase price of the product.  Accordingly, Defendants' motion for summary judgment (doc. 13) is GRANTED, in part, and DENIED, in part.

Signed in Baton Rouge, Louisiana, this 7th day of May 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA